(June 10, 1902.)

## LICK v. MUNRO, Sheriff.

[69 Pac. 285.]

PERSONAL PROPERTY — OWNERSHIP — DECLARATIONS — ESTOPPEL.—One who repeatedly declares, immediately preceding the ˚levy of an execution upon certain chattels, that he had sold the same to another person, which declarations are made known to the officer who levied said execution prior to its levy, is estopped from asserting ownership of said chattels, as against said sheriff, and the execution plaintiff.

(Syllabus by Quarles, C. J.)

APPEAL from District Court, Boise County.

H. L. Fisher, for Appellant.

The facts are sufficiently stated in the opinion. One who represents another as the owner of personal property, and such representations are communicated to an officer, who relies and acts on them in making a levy, the party making the repre-

sentations and declarations will be estopped to claim the property. (*Mitchell v. Reed,* 9 Cal. 204, 70 Am. Dec. 647; *Horn v. Cole,* 51 N. H. 287, 12 Am. Rep. 111; *Barnhart v. Fulkerth,* 90 Cal. 157, 27 Pac. 71; *Vanneter v. Crossman,* 42 Mich. 465, 4 N. W. 216; *Hostler v. Hays,* 3 Cal. 303.)

Karl Paine, for Respondent.

There is but one question in this case—Is the respondent estopped from claiming the wood, or the value thereof, which is the subject of this controversy? Unless the admissions it is admitted respondent made are sufficient to and do create an estoppel *in pais,* then there is no defense, and respondent must recover. (Greenleaf on Evidence, 16th ed., sec. 169, pp. 290-292.) "Estoppel *in pais* may be defined to be a right arising from acts, admissions or conduct which have induced a change of position in accordance with the real or apparent intention of the party against whom they are alleged." (Bigelow on Estoppel, 4th ed., 445; Bigelow on Estoppel, 4th ed., 544-552; *Stevens v. Dennett,* 51 N. H. 324; *People v. Brown,* 67 Ill. 435; *Martin v. Zellerbach,* 38 Cal. 300, 315, 99 Am. Dec. 365; *Turnipseed v. Hudson,* 50 Miss. 429, 19 Am. Rep. 15; *May v. Gates,* 137 Mass. 389, 392; *Acton v. Dooley,* 74 Mo. 63, 67; *Hosford v. Johnson,* 74 Ind. 479, 485.)

QUARLES, C. J.—This action was commenced by the respondent, as plaintiff, in the probate court in and for Boise county, to recover damages against the appellant as sheriff of Boise county for the unlawful seizure under execution and sale of certain chattels, to wit, twenty-four cords of wood, valued at eighty-four dollars, and for damages for retention of same in the further sum of fifty dollars; and upon trial in said probate court a judgment was rendered in favor of the defendant, from which the respondent appealed to the district court, and upon a trial *de novo* in the district court judgment was rendered in favor of the respondent for the sum of sixty-nine dollars and sixty cents damages, and costs taxed at nine dollars and ten cents. Both parties expressly waived a jury

trial in the district court. Appellant moved for a new trial on numerous grounds, which motion was denied, and the appeal is from an order denying a new trial, and from the judgment.

One of the errors assigned and relied upon is that the lower court erred in holding that the plaintiff was not estopped from claiming said cordwood by reason of declarations, made by him just immediately preceding the seizure of said cordwood by the sheriff, to the effect that he had sold the property, and that said wood was the property of one John Rost. Said wood was seized by the appellant, as sheriff of Boise county, under an execution against John Rost. The admitted evidence in the case, and about which there is no conflict, is that within a few days of said seizure the respondent Lick stated to divers persons that he had sold said wood to the execution defendant, John Rost. The evidence also shows that said Rost had hauled a good portion of said wood from where it was cut to a point near Idaho City, from which latter point he was delivering it to customers. The respondent not only declared repeatedly that he had sold said wood to said Rost, but stated that he had done so at the price of one dollar and seventy-five cents per cord, and had also stated that he had sold it to said Rost because his wagon was not strong enough to haul same. The admitted evidence also shows that respondent, Lick, stated and declared to H. L. Fisher, the attorney for the plaintiff in the execution, four or five days prior to the levy thereof, that he had sold said wood to said Rost; and the evidence indisputably shows that the sheriff levied upon said wood as the property of said John Rost by direction of the execution plaintiff, after being informed of the said declarations of the respondent, Lick. Under the above circumstances we are of the opinion that the respondent, Lick, is estopped from asserting ownership in said cordwood as against the appellant sheriff and as against the execution plaintiff. It is evident that the plaintiff in the execution and the said sheriff relied upon and believed the said declarations of the respondent, Lick, and acted upon them. It is argued by counsel for respondent that respondent was under no obliga-

tion to tell the truth in regard to his ownership of said cordwood. The law does not encourage fraud, falsehood, nor deceit. The respondent had no right, morally nor legally, to make false statements in regard to the ownership of the property in question, and deceive and mislead the appellant and the creditors of said John Rost to their prejudice and injury, and the law will not uphold him in so doing.

The judgment is against law and against the evidence, and the same should be reversed, and it is so ordered, and the cause remanded to the district court, with instructions to enter judgment dismissing said action. Costs awarded to appellant.

Sullivan, J., concurs.

STOCKSLAGER, J., Concurring.—I agree with my associates that this case should be reversed on the record before us, but I cannot concur in the order that judgment shall be entered for appellant. Under the provisions of the constitution of this state all parties litigant are entitled to a trial by a jury wherein questions of fact arise. There can be no question but that the issues involved in this case could be submitted to a jury, and on the demand of either party it would be the duty of the trial court to do so. It is true that a trial by a jury was expressly waived; but when this court reverses the judgment, and remands the case to the lower court for further proceedings in harmony with the opinion, it is then for the district court to dispose of the case. It is not for this court to say how many trials shall or shall not be had in the court below. In my view of the case, this court has no authority to order judgment entered in the court below in cases of this character.